IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| LUCIEN S. BONCK,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF BELL, et al.,<br><br>Defendants. | Cause No. CV 12-00044-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Currently pending are Plaintiff Lucien Bonck's Motion for Leave to Proceed in Forma Pauperis (*Court Doc. 1*) and proposed Complaint (*Court Doc. 2*). Bonck raises claims of failure to protect and denial of adequate medical care. His allegations fail to state a claim upon which relief may be granted. The motion to proceed in forma pauperis will be granted and the Complaint recommended for dismissal.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is

proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3). This proceeding was referred to this Court pursuant to Local Rule 72.2(a) and 28 U.S.C. § 636(b)(1).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Bonck submitted a declaration and an account statement in support of his motion to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915(a)(2), Bonck was required to submit an account statement for the six-month period prior to filing the Compliant. Bonck only submitted an account statement for the period between February 9, 2012 and March 11, 2012. (*Court Doc. 1-1*). The account statement submitted shows a personal balance of only $4.12. Despite this deficiency and in light of the Court's recommendation to dismiss this action, the motion will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), Bonck is required to pay the statutory filing fee for this action of $350.00. Bonck has insufficient funds to pay an initial partial filing fee but he will be required to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. The percentage is set by statute

and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, Crossroads will be directed to forward payments from Bonck's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF THE CASE

### A. Parties

Bonck is a prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana. All incidents giving rise to this Complaint occurred at the Yellowstone County Detention Facility in Billings, Montana. The named Defendants are: Sheriff Bell, Correctional Officer Leonard, Nurse Kydland, Captain Dennis McCave, Lt. Neiter, Yellowstone County, and the Yellowstone County Detention Center. (*Court Doc. 2, at 4; Court Doc. 2-1 at 1*).

### B. Allegations

On July 10, 2009, Bonck was attacked by another inmate, Victor Gonzales, with whom he had separation needs. He alleges Officer Leonard mistakenly opened the cell doors on the lower tier during the time when the upper tier inmates were out of their cells. This resulted

in Bonck and Gonzales being out of their cells at the same time. (*Court Doc. 2-1 at 27*). Bonck alleges Gonzales attacked him, threw him to the ground, kicked him several times, and broke his ribs. (*Court Doc. 2-1 at 2*). Bonck contends Officer Leonard failed to follow the rules and procedures of the jail which required locking the lower tier doors before opening the upper tier doors.

Next, Bonck contends that beginning in March 2010 he did not receive proper medical care for broken ribs and kidney pain. (*Court Doc. 2-1 at 2-4*).

## IV. PRESCREENING

### A. Standard

Bonck is a prisoner proceeding in forma pauperis so his Complaint is reviewed under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497

(9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

### B. Analysis

#### 1. Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. Where an inmate's claim is based on an alleged failure to prevent harm, the inmate may satisfy the "sufficiently serious" requirement by showing the existence of "conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993).

In this case, the jail perceived a threat to Bonck's safety and for that reason had separated him from Inmate Gonzales. But Bonck cannot establish that Officer Leonard was deliberately indifferent to this threat. Bonck alleges Officer Leonard "mistakenly" opened the wrong doors at the wrong time (*Court Doc. 2-1 at 27*). He seeks relief based upon the "negligence of the jail and its staff." (*Court Doc. 2-1 at 33*). "[S]omething more than mere negligence" is necessary to establish deliberate indifference. *Farmer*, 511 U.S. at 835; *Daniels v. Williams*, 474 U.S. 327, 328–29 (1986) (stating that § 1983 does not generally provide a remedy for negligence). Bonck specifically alleges that Leonard's act was a mistake. It was not alleged to result from deliberate indifference and therefore does not rise to the level of culpability needed to state a constitutional violation.

### 2. Medical Care

It is unclear whether Bonck was a pretrial detainee or a convicted prisoner at the time his claims arose. If he was a pretrial detainee, any claim of inadequate medical care would arise under the Due Process Clause of the Fourteenth Amendment and not under the Eighth

Amendment prohibition against cruel and unusual punishment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Regardless, with respect to medical needs, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.' " *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (*citing Carnell*, 74 F.3d at 979).

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the

consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate " 'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and

whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer,* 511 U.S. at 835). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost*, 152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)). "This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 citing *McGuckin*, 974 F.2d at 1060. "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett*, 439 F.3d at 1096.

Ordinary medical negligence is not sufficient to state an Eighth

Amendment claim, the defendant must have acted purposefully to "ignore or fail to respond to a prisoner's pain or possible medical need[.]" *McGuckin*, 974 F.2d at 1060. Where a prison medical staff has acted based on a "medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Instead, a plaintiff must show that the course of treatment chosen by the doctor was medically unacceptable under the circumstances, and that the course was chosen "in conscious disregard of an excessive risk to plaintiff's health." *Jackson*, 90 F.3d at 332. (citations omitted).

A defendant's mere delay in providing medical treatment will not constitute deliberate indifference unless the delay was harmful. *McGuckin*, 974 F.2d at 1059-60 *quoting Shapley v. Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Although the harm need not be substantial, the seriousness of the harm caused by the delay when the defendant could have acted to prevent the harm is indicative of deliberate indifference. *McGuckin*, 974 F.2d at

1060. Isolated incidents relative to a plaintiff's overall treatment suggest no deliberate indifference. *McGuckin*, 974 F.2d at 1060. However, repeated failures, or a single egregious failure indicates deliberate indifference. *McGuckin*, 974 F.2d at 1060-61.

A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinions). "Society does not expect that prisoners will have unqualified access to health care[.]" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, an inmate does not have the same unrestricted choice in receiving medical treatment as he would if he were not incarcerated. "The 'routine discomfort' that results from incarceration and which is 'part of the penalty that criminal offenders pay for their offenses against society' does not constitute a 'serious' medical need." *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) *citing McGuckin*, 974 F.2d at 1059.

Here, even assuming his aliments were "serious medical needs,"

Bonck has not alleged and, based on the evidence he submits with his complaint, cannot establish that Defendants were deliberately indifferent. On October 8, 2009, Bonck was taken to the emergency room at the Billings Clinic Hospital where it was confirmed that he had broken a rib and a non-obstructive kidney stone.

With regard to the broken rib, Bonck was seen by a physician's assistant on July 28, 2009, he was taken to the emergency room for x-rays on October 8, 2009, and was seen by the doctor at the jail in June 2010. He was repeatedly told there is no treatment for broken ribs or the scar tissue that formed around the ribs. Additionally, there was no treatment recommended by the emergency room doctor. Medical staff were responsive to Bonck's requests, he was seen by medical personnel, x-rays were taken, and he was repeatedly told there was nothing to be done for the broken rib. There is no indication that anything more could have been done for the broken rib. As such, these allegations do not support a finding of deliberate indifference.

With regard to the kidney stone, the x-ray taken on October 8, 2009 indicated a non-obstructive kidney stone. Bonck was advised to

increase fluid intake and take over-the-counter pain medications. It also appears that several urinalysis and blood tests were ordered. Bonck does not suggest what more should have or could have been done. This is not a situation where his complaints were ignored. Medical personnel responded to his concerns. The fact that they were unable to resolve the pain in his rib and his kidneys does not support a finding of deliberate indifference

## V. CONCLUSION

### A. Leave to Amend

For the reasons set forth above, Bonck's Complaint fails to state a claim upon which relief may be granted. The defects discussed above could not be cured by the allegation of other facts. As such, Bonck's Complaint should be dismissed.

### B. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Bonck's Complaint fails to state a claim upon which relief may be granted. Therefore, the Court should designate this case as Bonck's second "strike" under 28 U.S.C. § 1915(g).

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th

Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Bonck's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**D. Address Changes**

At all times during the pendency of these actions, Bonck SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if Bonck has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Bonck's Motion to Proceed in forma pauperis (*Court Doc. 1*) is granted. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on April 9, 2012.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Bonck's Complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Bonck's failure to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect

that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Bonck may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Bonck files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Bonck from relying on

that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of June, 2012.

                                  /s/ *Carolyn S. Ostby*
                                  United States Magistrate Judge