**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BILLINGS DIVISION**

**FILED**

JUL 26 2012

PATRICK E. DUFFY  CLERK
BY_____
        Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | | |
|---|---|---|
| **LUCIEN S. BONCK,** | ) | **CV-12-44-BLG-RFC** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER ADOPTING FINDINGS** |
| | ) | **AND RECOMMENDATIONS OF** |
| **SHERIFF BELL, et al.,** | ) | **U.S. MAGISTRATE JUDGE** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

On June 26, 2012, United States Magistrate Judge Carolyn Ostby entered

Findings and Recommendation.  Magistrate Judge Ostby recommends this Court

dismiss the Complaint.

Upon service of a magistrate judge's findings and recommendation, a party

has 14 days to file written objections.  28 U.S.C. § 636(b)(1).  In this matter, no

party filed objections to the June 26, 2012 Findings and Recommendation.  Failure

to object to a magistrate judge's findings and recommendation waives all

objections to the findings of fact.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1999).  However, failure to object does not relieve this Court of its burden to

1

review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886

F.2d 1514, 1518 (9th Cir. 1989).

## FACTUAL BACKGROUND

Bonck is a petitioner incarcerated at Crossroads Correctional Center in

Shelby, Montana.  On July 20, 2009, Bonck was attacked by another inmate,

Victor Gonzales, with whom he had separation needs.  Bonck alleges Officer

Leonard mistakenly opened the cell doors on the lower tier during the time when

the upper tier inmates were out of their cells.  This results in Bonck and Gonzales

being out of their cells at the same time.  Bonck alleges Gonzales attacked him,

threw him on the ground, kicked him several times, and broke his ribs.

Bonck also contends that beginning in May 2010 he did not receive proper

medical care for broken ribs and kidney pain.

## ANALYSIS

### 1.    Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates

from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982);

*see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Robinson v. Prunty*, 249

F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner

must establish that prison officials were "deliberately indifferent" to serious

threats to the inmate's safety. *See Farmer*, 511 U.S. at 834.  Where an inmate's

2

claim is based on an alleged failure to prevent harm, the inmate may satisfy the

"sufficiently serious" requirement by showing the existence of "conditions posing

a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Helling v.*

*McKinney*, 509 U.S. 25, 33-34 (1993).

The jail perceived a threat to Bonck's safety and for that reason had

separated him from Inmate Gonzales, but Bonck cannot establish that Officer

Leonard was deliberately indifferent to this threat. Bonck alleges Officer Leonard

"mistakenly" opened the wrong doors at the wrong time (Court Doc. 2-1 at 27). He

seeks relief based upon the "negligence of the jail and its staff." (Court Doc. 2-1 at

33). "[S]omething more than mere negligence" is necessary to establish deliberate

indifference. *Farmer*, 511 U.S. at 835; *Daniels v. Williams*, 474 U.S. 327, 328–29

(1986) (stating that § 1983 does not generally provide a remedy for negligence).

Bonck specifically alleges that Leonard's act was a mistake. There is no

allegation of deliberate indifference and therefore this does not rise to the level of

culpability needed to state a constitutional violation.

## 2.  Medical Care

The Court is uncertain as to whether Bonck was a pretrial detainee or a

convicted prisoner at the time his claims arose. If he was a pretrial detainee, any

claim of inadequate medical care would arise under the Due Process Clause of the

Fourteenth Amendment and not under the Eighth Amendment prohibition against

3

cruel and unusual punishment. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). Regardless, with respect to medical needs, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: 'persons in custody ha[ve] the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Carnell*, 74 F.3d at 979).

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106; *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059; see also *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). A plaintiff must demonstrate "'objectively, sufficiently serious' harm and

4

that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." *McGuckin*, 974 F.2d at 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer*, 511 U.S. at 835).

Ordinary medical negligence is not sufficient to state an Eighth Amendment claim, the defendant must have acted purposefully to "ignore or fail to respond to a prisoner's pain or possible medical need[.]" *McGuckin*, 974 F.2d at 1060. A defendant's mere delay in providing medical treatment will not constitute deliberate indifference unless the delay was harmful. *McGuckin*, 974 F.2d at

5

1059-60 quoting *Shapley v. Nevada Board of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under § 1983. *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337, 1344 (9th Cir. 1981); see also *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinions).

Bonck has not alleged and, based on the evidence he submits with his complaint, cannot establish that Defendants were deliberately indifferent. On October 8, 2009, Bonck was taken to the emergency room at the Billings Clinic Hospital where it was confirmed that he had broken a rib and a non-obstructive kidney stone.

With regard to the broken rib, Bonck was seen by a physician's assistant on July 28, 2009, he was taken to the emergency room for xrays on October 8, 2009, and was seen by the doctor at the jail in June 2010. Bonck was repeatedly told there is no treatment for broken ribs or the scar tissue that formed around the ribs. Additionally, there was no treatment recommended by the emergency room doctor. Medical staff was responsive to Bonck's requests, he was seen by medical personnel, x-rays were taken, and he was repeatedly told there was nothing to be

done for the broken rib.  There is no indication that anything more could have been done for the broken rib. As such, these allegations do not support a finding of deliberate indifference.

With regard to the kidney stone, the x-ray taken on October 8, 2009 indicated a non-obstructive kidney stone.  Bonck was advised to increase fluid intake and take over-the-counter pain medications.  It also appears that several urinalysis and blood tests were ordered.  Bonck does not suggest what more should have or could have been done.  This is not a situation where his complaints were ignored. Medical personnel responded to his concerns.  The fact that they were unable to resolve the pain in his rib and his kidneys does not support a finding of deliberate indifference.

## CONCLUSION

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1.     Bonck's Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.      The Clerk of Court is directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure.

3.      The Clerk of Court is directed to have the docket reflect that

the dismissal counts as a strike pursuant to 28 U.S.C. §

1915(g), based upon Bonck's failure to state a claim upon

which relief may be granted.

4.      The Clerk of Court should be directed to have the docket

reflect that the Court certifies pursuant to Fed.R.App.P.

24(a)(3)(A) that any appeal of this decision would not be taken

in good faith.  The record makes plain the instant Complaint is

frivolous as it lacks arguable substance in law or fact.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the _____ day of July, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE